IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, § § § | |
| Plaintiff, § | |
| v. § | |
| DELTA OIL SERVICES, INC.; LOGAN HAYES; LUCAS HAYES; PRO DEVELOPMENT, LLC; TRACI FERGUSON; EMILY BURNS; CLAY CRISS; MARCUS DENT; AUDRY HIGGINS; PATRICK HIGGENS; STEPHANIE LEE; JULIE NICHOLSON; TROY NICHOLSON; JASON SHAW ANNETTE SHERRILL; MARCUS SHERRILL; JONAH WIBLE; & LANCE WILLIS, § § § § § § § § § § § § § § § | Case No. 7:22-cv-00791-ACA |
| Defendants. § | |

## DEFENDANT DELTA OIL SERVICES, INC.'S MOTION TO DISMISS

**COME NOW**, Defendants, Delta Oil Services, Inc., Logan Hayes, and Lucas Hayes (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, and respectfully requests the dismissal of the Declaratory Judgment Complaint filed by Allied World Surplus Lines Insurance Company (hereinafter referred to as "Allied World"). The Court lacks subject matter jurisdiction as to Allied World's request for a Declaratory Judgment, as such an

1

action is not ripe for adjudication because no judgment has been entered in the underlying lawsuit and Allied World is currently providing a defense for Delta Oil Services, Inc.

## INTRODUCTION

1. This case arises from two underlying lawsuits: (a) *Pro-Built Development, LLC v. Delta Oil Services, Inc. & Burgess Equipment Repair, LLC*, pending in the United States District Court for the Northern District of Alabama, Western Division, Case No. 7:21-cv-1477 (hereinafter referred to as the "Pro-Built Lawsuit"); and (b) *Traci Ferguson, et al. v. Burgess Equipment Repair, LLC; Jerry Wade Burgess; Jerry Wade Burgess d/b/a Burgess Truck & Equipment Repair; Delta Oil Services, Inc.; Logan Hayes; Lucas Hayes; & Joseph Ellis*, pending in the Circuit Court of Tuscaloosa County, Alabama, CV-2021-901135 (hereinafter referred to as the "Ferguson Lawsuit").

2. Neither of these cases has been tried, and no verdict has been rendered in either case.

3. Allied World has been defending both the Tuscaloosa County and Federal case through attorneys R. Paul Sparkman, E. Britton Monroe, and Patrick Patronas, from the firm of Lloyd, Gray, Whitehead & Monroe.

## THE ISSUES BEFORE THE COUROT ARE NOT "RIPE" FOR ADJUDICATION

4. Allied World has not become legally obligated to pay any damages in either of the underlying court cases.

5. Thus, Allied World's Complaint for Declaratory Judgment is nothing more than a request that the Court issue a theoretical judgment concerning an obligation that does not exist and may never exist.

6. The ripeness doctrine prohibits such theoretical actions and requires the dismissal of this case for lack of subject matter jurisdiction.

7. Allied World's request for a declaratory judgment concerning its indemnity and defense obligations is plainly premature because Allied World has not yet become obligated to pay any damages with regard to either of the underlying lawsuits.

8. It is well settled, according to the leading Eleventh Circuit authority in this area, that "no action for declaratory relief will lie to establish an insurer's liability in a policy clause context… until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F. 2d 1278, 1281 (5th Cir. 1971); *Am. Cas. Co. of Reading v. Allen*, 2014 U.S. Dist. LEXIS 184793 (N.D. Ala. Dec. 29, 2014) ("It is now well-established in Alabama and federal law as expounded by the Eleventh Circuit Court of Appeals that a declaratory judgment with respect

to indemnity under a liability-insurance contract is premature and not ripe for adjudication prior to a determination of the liability of the insured, either by judgment or settlement agreement."); *see*, *e.g.*, *American Safety Indemnity Co. v. T.H. Taylor, Inc.*, 513 F. App'x 807, n. 4 (11th Cir. 2013); *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257, 1260-61 (N.D. Ala. 1999); *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510 (M.D. Ala. 1996) (holding indemnification issue was not sufficiently ripe to present a case or controversy because "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.")

9. The rule has developed that, "generally, a district court should decline to exercise declaratory judgment jurisdiction over questions concerning the duty to indemnify an insured prior to the trial and entry of judgment against the insured in the underlying tort actions. Until that event occurs, whether the insurer will be called upon to indemnify the insured is a hypothetical question not sufficiently concrete to constitute a "case or controversy" under Article III." *Am. Cas. Co. of Reading v. Allen*, 2014 U.S. Dist. LEXIS 184793 (N.D. Ala. Dec. 29, 2014); *see generally Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F. 2d 1278, 1281 (5th Cir. 1971).

10. "[T]he duty to indemnity is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Pennsylvania Nat'l Mut. Cas. Ins. Co.*

*v. Heathcoat & Davis, Inc.*, 339 F. Supp. 3d 1248, 1257 (N.D. Ala. 2017); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."); *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed. App'x. 768 (11th Cir.2019)

11. In summary, as this Court recently observed, "It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability." *State Auto Ins. Co. v. Mays Auto Service, Inc.*, 2018 WL 1583102, at *2 (N.D. Ala. 2018) (quoting *Emr'rs Mut. Cas. Co. v. All Seasons Windows & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005)).

12. "The determination of ripeness 'goes to whether the district court has subject matter jurisdiction to hear the case." *Digital Props., Inc. v. City of Plantation*, 121 F. 3d 586, 591 (11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881 F. 2d 1570, 1573 n. 7 (11th Cir. 1989)).

13. "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999).

14. Accordingly, because the underlying action has not been decided in either of the two cases underlying this action for declaratory judgment, Allied World's request for a declaratory judgment that it has no duty to indemnify or defend Defendants Delta Oil, Logan Hayes, and Lucas Hayes, is not ripe, without merit, and should be dismissed.

## CONCLUSION

15. Therefore, because Allied World has not become legally obligated to pay any damages in either of the underlying court cases, Allied World's Complaint for Declaratory Judgment is nothing more than a request that the Court issue a theoretical judgment concerning an obligation that does not exist and may never exist. The ripeness doctrine prohibits such theoretical actions and requires the dismissal of this case for lack of subject matter jurisdiction. Done and submitted this 10th day of August, 2022.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Defendants Delta Oil Services, Inc., Logan Hayes, and Lucas Hayes respectfully request that this Court dismiss Plaintiff's Complaint for a Declaratory Judgment due to lack of subject matter, along with any other or different further relief as the Court may fashion or which may be available.

        */s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)
Attorney for Delta Oil Services, Inc.,
Logan Hayes, and Lucas Hayes

OF COUNSEL
WATSON & SMITH, LLC
1651 McFarland Blvd. N
Tuscaloosa, Alabama 35406
Telephone (205) 345-1577
Facsimile (205) 345-1583
jeff@watsonsmithllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following counsel in this proceeding by mailing same by United States mail, properly addressed and first- class postage prepaid, or via AlaFile, this 10th day of August 2022.

    Brenen G. Ely
    Seth T. Hunter
    ELY & ISENBERG, LLC
    3500 Blue Lake Drive, Suite 345
    Birmingham, Alabama 35243
    Telephone: (205) 313-1200
    Facsimile: (205) 313-1201
    bely@elylawllc.com
    shunter@elylawllc.com

        */s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)
Attorney for Delta Oil Services, Inc.,
Logan Hayes, and Lucas Hayes

Case 7:22-cv-00791-ACA    Document 16    Filed 08/10/22    Page 8 of 8