# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | 7:22-cv-00791-ACA |
| DELTA OIL SERVICES, INC., et al., | ] ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

Plaintiff Allied World Surplus Lines Insurance Company provided commercial general liability insurance to Defendant Delta Oil Services, Inc. (Doc. 1 at 12 ¶¶ 84–85). While insured by Allied, Delta Oil allegedly allowed thousands of pounds of petroleum products and solvents to leak from several of its trucks into a residential neighborhood and a creek that flows into Lake Tuscaloosa. (*Id.* at 4–6 ¶¶ 30–39, 9–10 ¶¶ 66–70). As a result, Defendant Pro Development, LLC filed a lawsuit in federal court against Delta Oil. (*Id.* at 7 ¶¶ 47–52). Separately, Defendants Traci Ferguson, Emily Burns, Clay Criss, Marcus Dent, Audrey Higgins, Patrick Higgins, Stephanie Lee, Julie Nicholson, Troy Nicholson, Jason Shaw, Annette Sherrill, Marcus Sherrill, Jonah Wible, and Lance Willis filed a lawsuit in state court against Delta Oil and its owners, Defendants Logan and Lucas Hayes. (*Id.* at 8 ¶¶ 57–59).

Allied, which is currently defending Delta Oil and Messrs. Hayes subject to a reservation of rights (doc. 1 at 7 ¶ 53, 11 ¶ 80), seeks a declaratory judgment that it owes no duty to defend or indemnify Delta Oil or Messrs. Hayes in those underlying lawsuits (*id.* at 38 ¶¶ 123–24, 43 ¶¶ 143–44). Delta Oil and Messrs. Hayes move to dismiss the complaint for lack of subject matter jurisdiction. (Docs. 16–18).[1] The court **WILL DENY IN PART** and **WILL GRANT IN PART** the motions to dismiss. Because Allied's request for a declaration about its duty to defend is ripe, the court **WILL DENY** the motions to dismiss Allied's request for a declaratory judgment about its duty to defend. But the court **WILL GRANT** the motions to dismiss Allied's request for a declaration about its duty to indemnify **WITHOUT PREJUDICE** because that request is not yet ripe.

I.   DISCUSSION

Delta Oil and Messrs. Hayes contend that the court lacks subject matter jurisdiction over this declaratory judgment action. (Doc. 16). Specifically, they argue that the case is not ripe because the courts presiding over the underlying cases have not entered any judgments against them. (*Id.* at 3–6). Allied responds that both its requests are ripe: (1) the duty to defend issue is ripe because Allied is currently defending Delta Oil and Messrs. Hayes in the underlying lawsuits and (2) the duty

---

[1] Delta Oil and Messrs. Hayes each filed a separate motion to dismiss. (Docs. 16–18). Because the motions are identical, the court will cite only to the first motion, found at docket entry 16.

to indemnify issue is ripe because (a) determining whether the duty exists requires consideration of facts that will not arise in the underlying suits and (b) if no duty to defend exists, no duty to indemnify can exist. (Doc. 23 at 3–6). The court finds that the request for a declaratory judgment about Allied's duty to defend is ripe but that the request for a declaratory judgment about its duty to indemnify is not yet ripe.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995). If the court lacks subject matter jurisdiction over a claim or an action, it must dismiss that claim or action. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013). In addition, courts presiding over cases brought under the Declaratory Judgment Act have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added).

One aspect of the court's subject matter jurisdiction under Article III is ripeness. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2

(11th Cir. 2021). A claim is not ripe if it is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (alteration and quotation marks omitted); *see also Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (holding that even if a claim meets the "constitutional minimum" for ripeness, "prudential considerations may still counsel judicial restraint"). This is because federal courts are prohibited from offering advisory opinions. *Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).[2]

The former Fifth Circuit has held an insurer's request for a declaration about its duty to defend is ripe when the insurer is providing a defense to its insured. *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 455, 461 (5th Cir. 1960). But an insurer's request for a declaration about its duty to indemnify is not ripe until a judgment has been entered against the insured. *Id.* at 461 (holding that the request for a declaratory judgment about the insurer's duty to indemnify was not ripe because it "sought a declaration on a matter which might never arise"); *see also Allstate Ins. Co.*, 445 F.2d at 1281 (stating in dicta that such a claim is not ripe "until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize").

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

Here, Allied is defending Delta Oil and Messrs. Hayes in the underlying lawsuits (doc. 1 at 7 ¶ 53, 11 ¶ 80), so its request for a declaration about its duty to defend them is ripe. *See Am. Fid. & Cas. Co.*, 280 F.2d at 455, 461. But it does not allege that either court presiding over those lawsuits has entered a judgment against Delta Oil or Messrs. Hayes or even that entry of such a judgment or judgments is imminent or likely. (*See generally* doc. 1). As a result, Allied's request for a declaratory judgment about its duty to indemnify is unripe and seeks an advisory opinion from the court. *See Am. Fid. & Cas. Co.*, 280 F.2d at 461.

Allied argues that, despite the lack of judgments in the underlying cases, the question about its duty to indemnify is ripe because the underlying lawsuits will not necessarily determine the facts essential to finding whether Allied has a duty to indemnify. (Doc. 23 at 5–6). But ripeness does not depend on whether the underlying lawsuit will determine the relevant facts; it depends on whether the party seeking a declaration faces a controversy of "sufficient immediacy." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quotation marks omitted). Whether the parties in the underlying lawsuits will develop facts showing that exclusions or conditions precedent relieve the insurer from its duty to indemnify is irrelevant.

Allied also argues that, because its duty to defend is broader than its duty to indemnify, a finding that it has no duty to defend will necessarily determine that it

5

has no duty to indemnify. (Doc. 23 at 3, 5). The Eleventh Circuit has not addressed this issue in a published opinion and the only support Allied provides for its position is a non-binding Eleventh Circuit unpublished opinion and a district court decision. (Doc. 23 at 3). The court does not find these decisions persuasive. Even if the Eleventh Circuit opinion were binding, it actually held that "[t]he district court correctly declined to consider [a request for a declaratory judgment about the insurer's duty to indemnify] because it was premature and did not constitute a present case or controversy." *Am. Safety Indem. Co. v. T.H. Taylor, Inc.*, 513 F. App'x 807, 810 n.4 (11th Cir. 2013). The district court opinion also found that a request for a declaratory judgment about the insurer's duty to indemnify was not yet ripe. *Associated Indus. Ins. Co. v. Four Four, LLC,* 2018 WL 2946397, at *7 (M.D. Ala. June 12, 2018).

    The court finds that Allied's request for a declaratory judgment about its duty to indemnify is not yet ripe. Allied requests that, if the court finds its request unripe, the court stay that claim instead of dismissing it. (Doc. 23 at 6–8). The court declines that invitation. As stated above, "[a] case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp.*, 67 F.3d at 1568. At the time Allied filed its complaint, no Article III case or controversy existed with respect to its duty to indemnify, although a case or controversy did exist about its duty to defend. Accordingly, the proper procedure is to dismiss the unripe claim

without prejudice. Even if the court had the power to stay the unripe claim, the court would exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. *See, e.g.*, *Smith v. Casey*, 741 F.3d 1236, 1244–45 (11th Cir. 2014) (holding that the district court was within its discretion to dismiss an unripe claim under the Declaratory Judgment Act).

## II. CONCLUSION

The court **WILL DENY IN PART** and **WILL GRANT IN PART** the motions to dismiss. Because Allied's request for a declaration about its duty to defend is ripe, the court **WILL DENY** the motions to dismiss Allied's request for a declaratory judgment about its duty to defend. But the court **WILL GRANT** the motions to dismiss Allied's request for a declaration about its duty to indemnify **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this September 13, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE